Filed 8/14/26  White v. Kia Motors America CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DARYL WHITE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>KIA MOTORS AMERICA, INC.,<br><br>Defendant and Respondent. | B330003, B334742<br><br>(Los Angeles County<br>Super. Ct. No. 20STCV00294) |
| DARYL WHITE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KIA MOTORS AMERICA, INC.,<br><br>Defendant and Appellant. | B331582 |

APPEALS from orders and judgment of the Superior Court of Los Angeles County, Michael Paul Linfield, Judge. As to White, his appeals are dismissed as moot. As to Kia, the judgment is reversed and remanded.

Greines, Martin, Stein & Richland, Cynthia E. Tobisman, Joseph V. Bui, Kent W. Toland; Knight Law Group and Roger Kirnos for Plaintiff and Appellant.

Horvitz & Levy, Lisa Perrochet, Andrew G. Spore; Lehrman, Villegas, Chinery & Douglas, Robert A. Philipson, Kate S. Lehrman, Daniel R. Villegas, Jacqueline Bruce Chinery and Jordan C. Pratty for Defendant and Appellant.

————————————

Plaintiff Daryl White had a new 2015 Kia Optima that suffered engine and transmission failures after four years. He sued defendant Kia Motors America, Inc. (Kia), asserting breach of express warranty and untimely repair in violation of the Song-Beverly Consumer Warranty Act (Civ. Code,[1] § 1790 et seq.; Song-Beverly Act).

In a general verdict, the jury found for Kia on the express warranty claim but for White on the untimely repair claim. It awarded White restitutionary, incidental, and consequential damages and imposed a civil penalty on Kia. The trial court, finding the verdict inconsistent, granted a conditional new trial.

White contends the jury verdict should be reinstated and the posttrial attorney fees and costs awards should be vacated. Kia contends judgment notwithstanding the verdict (JNOV) should have been granted.

We agree with Kia JNOV was appropriate. Accordingly, we reverse and direct entry of judgment for Kia.

## BACKGROUND

In December 2015, White leased the Optima from Kia of Cerritos (the Dealership). In March 2017, White bought the car out of the lease. By May 2019, White experienced engine and transmission problems with the Optima. For example, the Optima would "bog[] down" or "jerk" while driving.

————————————

[1] Undesignated statutory references are to the Civil Code.

White brought the Optima to the Dealership several times to address these issues. On May 19, 2019, the Dealership determined a replacement engine was necessary and replaced it within 11 days. On June 15, 2019, the Dealership determined a replacement transmission was necessary but took 70 days to replace it. According to Kia, backorders to an unaffiliated supplier delayed the transmission repair.

While the Optima was at the Dealership for the transmission repair, White called Kia to express his dissatisfaction. On July 30, 2019, Kia mailed White a letter giving him three options: Kia would replace the Optima, repurchase it, or pay White a "goodwill" sum of $8,000. White never made a decision on the offer.

On August 27, 2019, White picked up the Optima from the Dealership and continued to use it. According to White, though less frequent, the problems persisted.

In January 2020, White filed this suit against Kia under the Song-Beverly Act. He alleged Kia failed to repair the Optima to conform to the applicable express warranties despite a reasonable number of attempts. (§ 1793.2, subd. (d) [breach of express warranty claim].) He also alleged Kia breached its duty to repair the Optima within 30 days. (*Id.*, subd. (b) [30-day rule claim].)

The case was tried before a jury in January 2023. In a general verdict, the jury found for Kia on the breach of express warranty claim but for White on the 30-day rule claim. The jury awarded $28,376.62 in compensatory damages and awarded a civil penalty of $49,659.09, 1.75 times the compensatory amount.

Kia moved for JNOV, arguing White failed to prove he sustained any damages for the delay in repairs. Relevant here, Kia argued White needed to show he justifiably revoked acceptance of the Optima to obtain restitutionary damages, but he

never had the jury instructed on revocation and accordingly could not obtain a finding on that issue. White opposed.

Although the trial court stated it granted Kia's motion for JNOV, the court in effect denied it by granting a conditional new trial instead. The court found the verdict was inconsistent because the jury's finding for Kia on the breach of express warranty claim foreclosed it from awarding restitutionary damages on the 30-day rule claim. The court reasoned that because breach of express warranty and justifiable revocation both require a showing that a vehicle has a defect that substantially impaired its use, value, or safety, the jury's finding on the breach of express warranty claim meant it could not have found White justifiably revoked acceptance of the Optima. The court then determined $10,000 to be a reasonable sum for compensatory damages and stated the civil penalty could still be 1.75 times the amount of damages. Accordingly, the new judgment for White, if he consented, would be $27,500.

Rather than accept the remittitur or proceed with the new trial, White requested the trial court enter the court's proposed amended judgment over his objection so he could appeal. On June 1, 2023, the court entered an amended judgment in his favor in the amount of $27,500 consistent with White's request.

The trial court also awarded White $74,602.57 in attorney fees and costs. The award reflected that White's new judgment of $27,500 was less than Kia's $30,000 Code of Civil Procedure section 998 offer, and thus did not include postoffer costs. In a separate order, the court awarded Kia $3,710.03 in postoffer costs.

White filed notices of appeal from the amended judgment and order awarding him attorney fees and costs. (Case No. B330003.) White also filed a notice of appeal from the order awarding Kia its postoffer costs. (Case No. B334742.) Kia filed a

4

notice of appeal from the order denying its motion for JNOV. (Case No. B331582.) We consolidated the appeals.

## DISCUSSION

In White's appeal, he argues the trial court erroneously granted a conditional new trial because substantial evidence supports the verdict, the verdict was consistent, and even if the verdict was inconsistent, the proper remedy is a new trial rather than a remittitur. White also argues that if we agree with him on any of these points, we should vacate and remand for recalculation the orders on attorney fees and costs.

In Kia's appeal, it argues the trial court should have granted JNOV.

We agree the trial court should have granted JNOV. Thus, even assuming White's challenges to the orders granting a conditional new trial and awarding attorney fees and costs were timely and proper, they are moot.

## I. The Trial Court Should Have Granted Kia's Motion for JNOV

### A. Relevant Provisions of the Song-Beverly Act and Standard of Review

Section 1793.2, subdivision (b) requires a manufacturer to complete express warranty repairs within 30 days.

Section 1793.2, subdivision (d) requires a manufacturer to replace a vehicle or provide a refund if it has not completed an express warranty repair after a reasonable number of attempts.

Section 1794, subdivision (b) contains three separate provisions concerning the remedies a buyer may pursue for violations of the Song-Beverly Act, including violations of the 30-day rule. These remedies are independent of one another and cumulative. (See § 1794, subd. (b); *Ramos v. Mercedes-Benz USA, LLC* (2020) 55 Cal.App.5th 220, 227, fn. 3.)

5

First, section 1794, subdivision (b) states a buyer is entitled to the "right[] of replacement or reimbursement as set forth in subdivision (d) of Section 1793.2."

Second, section 1794, subdivision (b)(1) states a buyer who "has rightfully rejected or justifiably revoked acceptance of the goods or has exercised any right to cancel the sale" is entitled to relief under California Uniform Commercial Code sections 2711, 2712, and 2713, which include restitutionary damages.

Third, section 1794, subdivision (b)(2) states a buyer who has "accepted the goods" is entitled to relief under California Uniform Commercial Code sections 2714 and 2715, which do not include restitutionary damages.

Section 1794, subdivision (c) also allows a buyer to recover a civil penalty, up to double the amount of actual damages, if they establish a violation of the Song-Beverly Act was willful.

In conducting our review of the correctness of the general verdict, we "impl[y] findings in favor of the prevailing party on all issues *submitted to the jury*." (*Codekas v. Dyna-Lift Co.* (1975) 48 Cal.App.3d 20, 25 (*Codekas*), italics added.) We assess the findings that may be inferred "in view of the instructions to the jury." (*Tousley v. Pacific Ry. Co.* (1913) 166 Cal. 457, 461 (*Tousley*); accord, *Mazik v. Geico General Ins. Co.* (2019) 35 Cal.App.5th 455, 465 [" 'We review the sufficiency of the evidence to support a verdict under the law stated in the instructions given, rather than under some other law on which the jury was not instructed' "].)

B.    Analysis

We conclude judgment should have been entered for Kia because the jury could not have made the findings necessary to

6

support the damages it awarded White for the 30-day rule violation.

That is so because the jury never received an instruction on what damages to award, or that it *could* award damages, for a 30-day rule violation. All the damages instructions concerned the breach of express warranty claim. The restitutionary damages instruction told the jury it could award White the money he paid for the Optima if Kia "failed to repair the defect or defects after a reasonable number of opportunities." (CACI No. 3241.) The incidental and consequential damages instructions told the jury it could award these damages if Kia's "breach of warranty was a substantial factor" in causing these expenses. (CACI Nos. 3242 & 3243.) And the civil penalty instruction told the jury it could award a civil penalty if Kia willfully failed "to repurchase or replace [the Optima] after a reasonable number of repair opportunities." (CACI No. 3244.) Not only was the jury not instructed that in order to provide restitutionary damages for violation of the 30-day rule, White had to show that he rejected or justifiably revoked the goods, (§ 1794, subd. (b)(1)), they were not given any kind of instruction on what kind of damages they could award for that claim. In light of this omission, the jury could not have found that White was entitled to damages for the 30-day rule violation.

It is well settled a jury cannot find for a plaintiff on a theory that the plaintiff did not properly present to the jury. In *Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 320 (*Saxena*), for example, the plaintiffs sued a doctor for negligence and medical battery. The jury found the doctor was negligent and "performed a procedure on [the decedent] without his 'informed consent.'" (*Ibid.*) The doctor moved for JNOV on the battery cause of action on the basis that the special verdict did not include sufficient

7

findings to support it. (*Id.* at pp. 320, 323.) The doctor was correct because battery requires proving the "doctor perform[ed] a procedure without obtaining any consent," not just without informed consent. (*Id.* at p. 324.) Because the special verdict form only asked if the decedent gave informed consent to the procedure, the jury never made a finding necessary to sustain the battery verdict, and so the trial court should have granted the doctor's motion for JNOV. (*Id.* at pp. 326, 329–330.)

In *Behr v. Redmond* (2011) 193 Cal.App.4th 517, 531 (*Behr*), the plaintiff pleaded fraud by misrepresentation. The jury returned a special verdict, awarding damages on that cause of action. (*Ibid.*) However, the special verdict form "did not call for a finding (and the jury did not make any finding) as to whether [the defendant] made any affirmative misrepresentation"—an element of fraud by misrepresentation. (*Ibid.*) Since the verdict reflected "the absence of a factual finding necessary to support [the] cause of action," the fraud by misrepresentation verdict was unsupported and the court reversed the judgment as to it. (*Ibid.*; see *id.* at p. 538.)

While the cases just described concern a special verdict, they apply with equal force here. Although a general verdict implies findings in favor of the prevailing party, the general verdict only implies findings on "issues submitted to the jury." (*Codekas*, *supra*, 48 Cal.App.3d at p. 25.) Here, the jury, having never received an instruction on how to determine damages for a 30-day rule violation or that it could have awarded such damages, could not have found that White sustained damages for the delay in repair.

On appeal, White only defends the restitutionary and civil penalty awards. His efforts are not persuasive.

First, White argues that although there is a "mismatch" between the verdict and jury instructions, the verdict is at worst inconsistent, and the remedy for that is a new trial. But the problem with the verdict is not its inconsistency. As already explained, it is infirm because the jury could not have made the findings necessary to support the damages it awarded for the 30-day rule violation. Under these circumstances, the remedy is JNOV rather than a new trial. (See *Saxena*, *supra*, 159 Cal.App.4th at p. 329 ["The proper way to remedy the defective verdict was to grant [the doctor's] motion for JNOV on plaintiffs' battery claim, not to order a new trial"].)

Second, White argues he should not be faulted because he attempted to present the issues of justifiable revocation and restitution to the jury. He points to the fact he suggested in a trial brief that the trial court should modify CACI No. 3205, which states the elements of a 30-day rule claim, to also ask whether the defect substantially impaired the Optima's use, value, or safety and whether White timely and justifiably revoked acceptance. He cites a proposed special verdict he submitted that would have asked the jury, after it decided whether Kia violated the 30-day rule, to assess whether he justifiably and timely revoked acceptance. And he refers us to a special instruction he requested that would have told the jury it could award restitutionary damages for a 30-day rule violation if it found a defect substantially impaired the car's use, value, or safety.

However, White's proposed instructions and special verdict did not detail all the elements necessary to prove justifiable revocation under section 1794, subdivision (b)(1). As explained by the California Supreme Court, "revocation of acceptance requires more and different actions of the buyer than is required under section 1793.2(d)." (*Gavaldon v. DaimlerChrysler Corp.* (2004)

9

32 Cal.4th 1246, 1264.) Revocation "must take place 'within a reasonable time after the buyer discovers or should have discovered the ground for it' " and "must be done before 'any substantial change in condition of the goods.' " (*Ibid.*, quoting Cal. U. Com. Code, § 2608, subd. (2).) White's proposed instructions and special verdict did not contain these requirements. Accordingly, had the jury received his proposed instructions and special verdict, it still would not have been properly instructed so as to make all findings necessary to award White restitutionary damages.

White also argues revocation was properly before the jury because his counsel argued in closing argument that the jury should also find, in connection with the 30-day rule claim, that he justifiably revoked acceptance of the Optima. But counsel's arguments "are not a substitute for instructions by the court." (*Parker v. Atchison, T. & S. F. Ry. Co.* (1968) 263 Cal.App.2d 675, 680 (*Parker*).)

Third, White argues Kia invited error by submitting a competing set of instructions and verdict form that omitted references to revocation. That doctrine is inapplicable here because there is no indication Kia's proposed instructions and verdict form caused the trial court to adopt the instructions and verdict form that it did. (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 212 ["Under the doctrine of invited error, when a party by its own conduct induces the commission of error, it may not claim on appeal that the judgment should be reversed because of that error"].) To the contrary, the court stated its own preference for a general verdict form rather than the special verdict form proffered by either party. And nothing in the record shows Kia argued against a proper instruction. Kia did not invite error merely by proffering its own instructions. (See *Hensley v.*

10

*Harris* (1957) 151 Cal.App.2d 821, 825–826 ["Each party has a duty to propose instructions in the law applicable to his own theory of the case. He has no duty to propose instructions which relate only to the opposing theories of his adversary, and having no duty respecting them he has no responsibility for the latter's mistakes" or to "offer corrections of the instructions of his adversary pertinent only to the latter's theory of the case"].)

White also relies on *Behr* to argue Kia forfeited any objection to the adequacy of the general verdict by failing to object after the verdict was read. But White's argument presupposes that the problem with the verdict was it was ambiguous. (See *Behr, supra,* 193 Cal.App.4th at p. 530 [" ' "If the verdict is ambiguous the party adversely affected should request a more formal and certain verdict" ' "].) But that is not the problem. Rather, White never properly presented his 30-day rule claim to the jury as he was required to do. (See *Hurley v. Department of Parks & Recreation* (2018) 20 Cal.App.5th 634, 655 [" 'A civil litigant must propose complete instructions in accordance with his or her theory of the litigation and a trial court is not "obligated to seek out theories [a party] might have advanced, or to articulate for him that which he has left unspoken" ' "].)

Fourth, White argues we can imply the jury found for him on the issue of revocation because a general verdict " '*implies* findings on all issues in favor of the' " party who prevailed. (Quoting *Myers Building Industries, Ltd. v. Interface Technology, Inc.* (1993) 13 Cal.App.4th 949, 959–960.) But we cannot imply the jury found White justifiably revoked acceptance of the Optima where White failed to present the issue to the jury. (*Tousley, supra,* 166 Cal. at p. 461 [assessing findings that may be inferred from general verdict "in view of the instructions to the jury"]; see also *Border Business Park, Inc. v. City of San Diego* (2006)

142 Cal.App.4th 1538, 1551 ["[w]e cannot uphold the damage award on an alternative theory which was not submitted to the jury"].)

Finally, with respect to the civil penalty award, White concedes the jury was not instructed the civil penalty could be awarded for a 30-day rule violation but contends this omission is immaterial because his counsel asked, in closing argument, for such a penalty. As was the case with the revocation theory, his counsel's arguments "are not a substitute for instructions by the court." (*Parker*, *supra*, 263 Cal.App.2d at p. 680.)

In sum, White alleged Kia breached an express warranty and failed to perform timely repairs in violation of the Song-Beverly Act. However, the jury received complete instructions only on the express warranty theory. Consequently, once the jury found for Kia on the breach of express warranty claim, it should have rendered a complete verdict for Kia.

## II.   Attorney Fees and Costs

After entry of judgment, the trial court awarded White attorney fees and costs as the prevailing party. (Civ. Code, § 1794, subd. (d); Code Civ. Proc., § 1032, subd. (a)(4).)

Although White is no longer the prevailing party because of our resolution of the JNOV issue, Kia did not separately appeal the order awarding attorney fees and costs and did not ask us to reverse the award in its briefing. "However, this does not mean that an award of attorney fees to the party prevailing stands after reversal of the judgment. 'An order awarding costs falls with a reversal of the judgment on which it is based.' [Citations.] '[T]he successful party is never required to pay the costs incurred by the unsuccessful party.' " (*Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284.)

Ordinarily, an order awarding attorney fees, if made after judgment, must be separately appealed. (*DeZerega v. Meggs* (2000) 83 Cal.App.4th 28, 43.) However, that rule does not apply when the judgment provides, as here, for fees and costs to be awarded to one party and merely contains blanks for those sums to be filled in. (*Grant v. List & Lathrop* (1992) 2 Cal.App.4th 993, 996–997.)

## DISPOSITION

As to White, his appeals are dismissed as moot.

As to Kia, the judgment is reversed and remanded, and the trial court is directed to enter judgment for Kia. Kia is entitled to costs on appeal.


RICHARDSON, J.


WE CONCUR:


CHAVEZ, Acting P. J.


GOORVITCH, J.